UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **FORTIS BANK (Nederland) N.V.** )<br>            Plaintiff, )<br>and )<br>  )<br>**MASSACHUSETTS PORT AUTHORITY,** )<br>**ET AL.** )<br>            Intervenor Plaintiffs, )<br>  )<br>            v. )<br>  )<br>**M/V SHAMROCK and COPROPRIÉTÉ** )<br>**DU NAVIRE SHAMROCK,** )<br>            Defendants, )<br>and )<br>  )<br>**COMATRANS, S.A., SP CONTAINER** )<br>**LINE SA and SNC SHAMROCK GESTION** )<br>            Parties-in-Interest, )<br>and )<br>  )<br>**SPM LINE, INC. and CANSHIP** )<br>**UGLAND, LTD.** )<br>            Third-Party Defendants. ) | Docket No. 04-CV-147-GZS |

### AMENDED ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DIRECTING THE ENTRY OF AMENDED FINAL JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment and an Order Directing the Entry of Final Judgment (Docket # 335), as well as Plaintiff's Expedited Motion to Alter or Amend Judgment (Docket # 395). As explained below, the Court hereby GRANTS these Motions.

**I.   INTRODUCTION**

In July 2004, Fortis Bank (Nederland) N.V. ("Fortis") filed its Verified Complaint seeking the arrest of the *M/V Shamrock* and initiating the above-captioned admiralty

1

action asserting claims *in rem* against the vessel and *in personam* against Defendant Copropriété du Navire Shamrock and Parties-in-Interest Comatrans, S.A., SP Container Line SA and SNC Shamrock Gestion (collectively with Third-Party Defendant SPM Line, Inc., the "Shamrock Parties") (Docket # 1).

During the course of these proceedings, eleven other creditors and fifteen individual captains and/or crew members of the vessel intervened to assert claims against the *M/V Shamrock* and other entities associated with the ship. Counterclaims were filed by several parties. On motion of Fortis and after a hearing, the Court ordered an interlocutory sale of the *M/V Shamrock* (Docket #s 167, 194), which was subsequently sold at auction for the sum of $ 11,050,000.00 (Docket # 224). Following the auction, the Shamrock Parties defaulted and their counterclaims against Fortis accordingly were dismissed with prejudice (Docket #s 321, 328). Following this entry of default, the Court granted Fortis Bank summary judgment on its *in rem* claim against the M/V Shamrock (Docket # 377).

## II.   MOTION FOR DEFAULT JUDGMENT AGAINST THE SHAMROCK PARTIES

The Court now grants Fortis a default judgment on its *in personam* claims against the Shamrock Parties. In accordance with Federal Rules of Civil Procedure 52 & 55(b)(2), the Court relies on the Loan Agreement attached to Fortis' Verified Complaint (Docket # 1) and the findings of fact made in connection with its previous rulings on the motions for summary judgment. (See Order on Mots. for Summ. J. (Docket # 377) at 3-4.) Based on those findings and the text of the Loan Agreement, the Court concludes that

the Shamrock Parties did breach the loan agreement and are liable to Fortis' to the extent that Fortis' damages exceed what it was able to recover on its *in rem* claim against the M/V Shamrock. As originally detailed in the Affidavit of Counsel in Support of Motion for Default Judgment and Entry of Final Judgment (Docket # 381) and later amended by Plaintiff's Expedited Motion to Alter or Amend Judgment (Docket # 395), the Court finds that the remaining amount owed as a result of the breach of the Loan Agreement is $4,757,637.72 and the Court hereby awards Fortis a default judgment against the Shamrock Parties in this amount.

### III. ORDER DIRECTING THE ENTRY OF FINAL JUDGMENT

With the consent of all parties except the defaulted Shamrock Parties, and upon an express determination that there was no just reason for delay, the Court has previously directed the entry of a final and separate judgment *in rem* on the following claims, together with a dismissal of their respective *in personam* claims and an order to disburse funds from the proceeds of sale of the *M/V Shamrock* as follows:

**Massachusetts Port Authority**                                            $ 825,639.81
(*Order* at Docket # 336; *Judgment* at Docket # 338; *Order for Disbursement* at Docket # 346)

**Boston Line & Service Co.**                                              $ 29,298.96
(*Order* at Docket # 336; *Judgment* at Docket # 340; *Order for Disbursement* at Docket # 346)

**Boston Pilot Association LLC**                                           $ 33,232.42
(*Order* at Docket # 336; *Judgment* at Docket # 339; *Order for Disbursement* at Docket # 346)

**City of Portland**                                                        $ 12,081.18
(*Order* at Docket # 336; *Judgment* at Docket # 342; *Order for Disbursement* at Docket # 346)

**Portland Pilots, Inc.**                                                   $ 16,680.04
(*Order* at Docket # 336; *Judgment* at Docket # 341; *Order for Disbursement* at Docket # 346)

   **Union Oil Co.**[1]              **$ 44,156.86**
(*Order* at Docket # 351; *Judgment* at Docket # 352)

   **Captains & Crew**[2]            **$ 100,000.00**
(*Order* at Docket # 366; *Judgment* at Docket # 367; *Amended Order* at Docket # 369)

  By consent of the parties, the claims of Intervenor-Plaintiffs Cerescorp, Halterm Ltd., Canship Ugland, and Atlantic Electronics were dismissed with prejudice (Docket # 333). Finding no just reason for delay, the Court directs and **ORDERS** the entry of final judgment on these dismissals, each on a separate document pursuant to Rule 58.

  Consistent with its rulings on Fortis' Motions for Summary Judgment (Docket # 377) and the above ruling on Fortis' Motion for Default Judgment, and upon a determination that pursuant to Rule 54(b) there is no just reason for delay, the Court expressly directs and **ORDERS** that the Clerk shall enter two separate and final judgments, each on a separate document pursuant to Rule 58, as follows:

  (1) final judgment in favor of Fortis and against Defendant *M/V Shamrock, in rem*, in the amount of $9,595,482.12; and

  (2) final judgment in favor of Fortis and against Defendant Copropriété du Navire Shamrock and Parties-in-Interest Comatrans, S.A., SP Container Line SA and SNC Shamrock Gestion *in personam* in the amount

---

[1] Union Oil Co. is both an Intervenor-Plaintiff and a Counterclaim-Defendant. By default of the Counter-Claimants, all counterclaims against Union Oil Co. have been dismissed.

[2] Michel Remond, Jerzy Rejman, Krzysztof Skarzewski, Boguslaw Sliwa, Grzeslaw Bator, Jean Louis Audoux, Andrzej Zielinski, Mariusz Drelinkiewicz, Romuald Kolakowski, Mieczyslaw Zablotny, Garry Heudes, Przemyslaw Czapla, Yves Champdoizeau, Gerard Urtizberea, Thierry Beaupertuis.

of $4,757,637.72 and dismissing with prejudice the claims of Defendant Copropriété du Navire Shamrock and Parties-in-Interest Comatrans, S.A., SP Container Line SA and SNC Shamrock Gestion and Third-Party Defendant SPM Line, Inc.

The Court further **ORDERS** that, after entry of these amended final judgments and in light of the filing by Fortis of a bond in the amount of $300,000 to secure ENIM's interest pending any possible appeal (Docket # 394), the Clerk shall immediately disburse the funds awarded to Fortis pursuant to the *in rem* judgment.

    **SO ORDERED.**

                                              /s/ George Z. Singal
                                              Chief U.S. District Judge

Dated this 24th day of August 2005.